UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Charles A. Jackson, #312158, | ) | Civil Action No. 4:08-3774-RBH-TER |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| Dr. Pate, Medical Examiner; | ) | **REPORT AND RECOMMENDATION** |
| Ms. McDonald, Head Nurse; | ) | |
| Ms. Miller, Grievance coordinator; | ) | |
| In their official and individual capacities, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**PROCEDURAL BACKGROUND**

The *pro se* plaintiff filed a complaint pursuant to 42 U.S.C. §1983 on November 17, 2008.[1] Defendants McDonald and Miller filed a Motion for Summary Judgment along with a memorandum and affidavits in support on February 18, 2009. (Document #19). The undersigned issued an order filed February 18, 2009, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising plaintiff of the Motion for Summary Judgment procedure and the possible consequences if he failed to respond adequately. Plaintiff did not file a response.

Defendant Pate filed a Motion for Summary Judgment along with a memorandum, affidavits and exhibits in support on April 17, 2009. (Document #28). Plaintiff filed a motion on April 17, 2009, requested that the case be stayed so that he could obtain legal counsel or, in the alternative, that the time to respond to the motion for

---

[1] All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d),DSC. Because this is a dispositive motion, the report and recommendation is entered for review by the District Judge.

summary judgment be extended for sixty (60) days. On April 17, 2009, plaintiff's motion was granted in part and denied in part in that the case was not stayed but the time for a response to the summary judgment motion was extended until May 15, 2009, or his case may be dismissed pursuant to Rule 41b for failure to prosecute. (Doc. #30). Thereafter, the court issued an order on April 20, 2009, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising plaintiff of the Motion for Summary Judgment procedure and the possible consequences if he failed to respond adequately. Plaintiff did not file a response.

## A. RULE 41(B) DISMISSAL

A complaint may be dismissed pursuant to Rule 41 (b) of the Federal Rules of Civil Procedure for failure to prosecute and/or failure to comply with orders of the Court. Ballard v. Carlson, 882 F.2d 93 (4th Cir. 1989), cert. denied 493 U.S. 1084 (1990) and Chandler Leasing Corp. v. Lopez, 669 F.2d 919 (4th Cir. 1982). In considering whether to dismiss an action pursuant to Rule 41(b), the Court is required to consider four factors:

(1)  the degree of plaintiff's responsibility in failing to respond;

(2)  the amount of prejudice to the defendant;

(3)  the history of the plaintiff in proceeding in a dilatory manner; and,

(4)  the existence of less drastic sanctions other than dismissal.

Davis v. Williams, 588 F.2d 69 (4th Cir. 1978).

In the present case, the plaintiff is proceeding pro se so he is entirely responsible for his actions. It is solely through plaintiff's neglect, and not that of an attorney, that no responses have been filed. Plaintiff has not responded to defendants' motions for

summary judgment or the Court's Orders requiring him to respond.  The undersigned concludes the plaintiff has abandoned his lawsuit. No other reasonable sanctions are available. Accordingly, it is recommended that this action be dismissed pursuant to Fed. R. Civ. Proc. 41(b).

## CONCLUSION

As set out above, a review of the record indicates that the plaintiff's complaint should be dismissed for failure to prosecute. It is, therefore,

RECOMMENDED that plaintiff's complaint be dismissed for failure to prosecute pursuant to Fed. R. Civ. Proc. 41(b).

                    Respectfully submitted,

                    s/Thomas E. Rogers, III
                    Thomas E. Rogers, III
                    United States Magistrate Judge

July 8, 2009
Florence, South Carolina

**The parties' attention is directed to the important information on the attached notice.**